**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4518

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KHOA DANG HOANG,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:16-cr-00193-TSE-2)

Submitted: May 31, 2018                                      Decided: June 8, 2018

Before GREGORY, Chief Judge, and MOTZ and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Phoenix S. Ayotte, HARRIS CARMICHAEL AND ELLIS PLLC, Alexandria, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, James L. Trump, Carina A. Cuellar, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khoa Dang Hoang (Khoa) was convicted after a jury trial of stalking, in violation of 18 U.S.C.A. §§ 2261A(1), 2261(b)(3) (West 2015), and conspiracy to commit stalking, in violation of 18 U.S.C. §§ 371, 2261A(1) (2012), and was sentenced to concurrent terms of 60 months' imprisonment. On appeal, Khoa challenges the district court's denial of his motion to suppress his statements made during a post-arrest interview and its admission of evidence at trial. We affirm.

"When considering a district court's denial of a motion to suppress, we review the court's factual findings for clear error and all legal conclusions de novo." *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). Because the Government prevailed on Khoa's suppression motion, we construe the evidence in the light most favorable to it. *Id.*

The Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), "adopted prophylactic procedural rules that must be followed during custodial interrogations" to protect a suspect's rights against self-incrimination. *United States v. Parker*, 262 F.3d 415, 419 (4th Cir. 2001). The parties do not dispute that Khoa was subject to a custodial interrogation during the interview, and, as a result, his statements had to be suppressed unless he was properly advised of his rights under *Miranda*, and knowingly, intelligently, and voluntarily waived those rights. *United States v. Holmes*, 670 F.3d 586, 591 (4th Cir. 2012). Statements made after a valid waiver of *Miranda* rights also are subject to suppression if the defendant made them involuntarily because of

2

the conduct of the interviewing officer. *United States v. Cristobal*, 293 F.3d 134, 140, 142 (4th Cir. 2002).

There are "two distinct dimensions" to the inquiry into whether an individual validly waived his *Miranda* rights. *Id.* at 139. First, the relinquishment "must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception." *Id.* (internal quotation marks omitted). Second, in addition to being voluntary, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* at 140 (internal quotation marks omitted). We assess whether a *Miranda* waiver is voluntary, knowing, and intelligent by examining the totality of the circumstances. *Id.* "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Id.* (internal quotation marks omitted). In the district court, Khoa challenged his waiver of *Miranda* rights as both involuntary and unknowing and unintelligent. On appeal, however, he argues that the waiver was unknowing and unintelligent.[*] Relevant circumstances for consideration are the defendant's intelligence, education, age, familiarity with the

---

[*] We deem abandoned by Khoa any challenge on appeal to the waiver of his *Miranda* rights as involuntary. *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015) (finding abandoned on appeal claims discussed only "in passing" in the argument section of appellant's opening brief, contrary to the requirement of Fed. R. App. P. 28(a)(8)(A)).

criminal justice system and the proximity of the waiver to the giving of *Miranda* warnings. *Correll v. Thompson*, 63 F.3d 1279, 1288 (4th Cir. 1995).

We conclude after review of the record and the parties' briefs that Khoa fails to establish reversible error in the district court's conclusion that his waiver was knowing and intelligent. Khoa's appellate assertions claiming a lack of sophistication and familiarity with the American court system and the presence of a cultural misunderstanding are unexplained and made in conclusory fashion. Further, the record evidence viewed in the light most favorable to the Government reflects that, even though Khoa had never been arrested before the August 5 interview, the interviewing officer explained Khoa's rights under *Miranda* in a language he understood, Khoa understood those rights, and he agreed to answer questions without an attorney present after this review.

Khoa also claims that the interviewing officer's questioning tactics and references to matters of deportation, family, and a potential prison sentence during the interview after he waived his *Miranda* rights rendered his statements involuntary. A statement qualifies as involuntary under the Due Process Clause if the statement was "extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the exertion of any improper influence." *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997) (internal quotation marks and alterations omitted). Although "[c]oercive police activity is a necessary finding for a confession . . . to be considered involuntary," *United States v. Giddins*, 858 F.3d 870, 881 (4th Cir. 2017), the "mere existence of threats, violence, implied promises, improper influence, or other coercive

4

police activity" does not "automatically" render a statement involuntary. *Braxton*, 112 F.3d at 780. Instead, "[t]he proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination critically impaired." *Id.* (internal quotation marks omitted). This query focuses on the totality of the circumstances surrounding the interview, including the "characteristics of the defendant, the setting of the interview, and the details of the [questioning]." *Id.* at 781 (internal quotation marks omitted).

Khoa, we conclude, fails to establish reversible error in the district court's conclusion that suppression of his statements was not required as a result of the interviewing officer's questioning and references. Khoa complains that the officer's questions were overly suggestive but fails to explain how his will was overborne or his capacity for self-determination impaired by such questions. We also reject as inapposite Khoa's reliance on *United States v. Preston*, 751 F.3d 1008 (4th Cir. 2014), in support of this claim. Khoa further proffers only the conclusory assertion that his will was overborne by the officer's references during the interview to matters of deportation, family, and a potential prison sentence, and we therefore reject it.

Khoa also challenges several evidentiary rulings by the district court. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Hassan*, 742 F.3d 104, 130 (4th Cir. 2014). In reviewing an evidentiary ruling under this standard, "we will only overturn a ruling that is arbitrary and irrational." *Id.* (internal quotation marks and alteration omitted).

5

Khoa argues that the district court erred under Fed. R. Evid. 402 and 403 in admitting into evidence pictures of his co-defendant holding a gun described by the victim as similar to one she saw him possess. We conclude, however, that this evidence easily satisfied the "relatively low" threshold, *United States v. Zayyad*, 741 F.3d 452, 459 (4th Cir. 2014), for relevant evidence, *see* 18 U.S.C.A. § 2261A; *United States v. Wills*, 346 F.3d 476, 493-94 (4th Cir. 2003). We also reject as without merit Khoa's contention that admission of this evidence violated Rule 403. He does not point to anything in the record tending to support the existence of a genuine risk the jury's emotions would be excited to behavior that was irrational or that this risk was in any way disproportionate to the probative value of the pictures. *See Hassan*, 742 F.3d at 132 ("[R]elevant evidence should only be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." (internal quotation marks omitted)).

Khoa also argues that the district court erred in admitting into evidence messages from his co-defendant to a third party about the victim. We disagree. The evidence was properly admitted under Fed. R. Evid. 803(3) as evidence of the co-defendant's then-existing state of mind and was relevant to establishing the co-defendant's motive for committing the stalking offenses with Khoa. We reject as inapposite Khoa's reliance on *United States v. Spring*, 305 F.3d 276 (4th Cir. 2002), to support this claim and further reject as without merit his conclusory contention that the messages were subject to exclusion under Rule 403 as prejudicial.

6

Finally, Khoa argues that the district court erred under Rule 403 in admitting into evidence nude pictures his co-defendant had taken of the victim and posted on a social media platform. We likewise reject this contention. Khoa points to nothing in the record tending to support the existence of a genuine risk the jury's emotions would be excited to behavior that was irrational or that this risk was in any way disproportionate to the probative value of this evidence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*